UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                                         :
PHILIP HENRIQUES,                        :
                                         :
          Petitioner,                    :     Civ. No. 14-1242 (NLH)
                                         :
     v.                                  :     OPINION
                                         :
JORDAN HOLLINGSWORTH,                     :
                                         :
          Respondent.                    :
_____:


APPEARANCES

Philip Henriques, #17133-050
FCI Fort Dix
P.O. Box 2000
Fort Dix, New Jersey 08640
     Petitioner, pro se


HILLMAN, District Judge

        Petitioner Phillip Henriques, a prisoner currently confined

at the Federal Correctional Institution at Fort Dix, New Jersey,

has submitted a Petition for writ of habeas corpus pursuant to

28 U.S.C. § 2241, challenging his sentence.  Petitioner names as

party respondent, Warden Jordan Hollingsworth, as the person

having custody over him pursuant to 28 U.S.C. § 2242.  Because

it appears from a review of the Petition that this Court lacks

jurisdiction under 28 U.S.C. § 2241, the Petition will be

dismissed without prejudice.

1

I.   BACKGROUND

The procedural history of this case is taken from the record in Petitioner's underlying criminal case, United States v. Phillip Henriques, Crim. No. 93-cr-0089 (MOC) filed in the Western District of North Carolina.  On May 3, 1993, Petitioner was named in a three-count Bill of Indictment.  Such Indictment charged that Petitioner had conspired to possess with intent to distribute quantities of heroin and cocaine, in violation of 21 U.S.C. §§ 841(a)(1) & 846 (Count One); and that he had used and carried firearms during and in relation to his drug trafficking crimes, in violation of 18 U.S.C. § 924(c)(1) (Counts Two and Three).  After pleading not guilty, Petitioner's case proceeded to trial in the Western District of North Carolina.

However, on December 7, 1993 — the first day of his trial — Petitioner entered into a plea agreement with the government, whereby he agreed to plead guilty to all of the charges in the Indictment.  The parties' agreement further stipulated that the amounts of heroin and cocaine which could be attributed to the petitioner would be converted to marijuana for ease of calculating his sentence under the U.S. Sentencing Guidelines. Thus, in accordance with the provisions of the parties' agreement, Petitioner appeared before the Court and tendered his guilty pleas.  After engaging Petitioner in its standard Plea & Rule 11 colloquy, the court was satisfied that Petitioner's

pleas were knowingly and voluntarily tendered.  Therefore, the court accepted Petitioner's guilty pleas.

On July 7, 1994, Petitioner was sentenced to a total term of 312 months imprisonment (252 months on Count One, and a total of 60 months consecutive on Counts Two and Three). <u>See</u> Judgment, No. 93-cr-0089, <u>United States v. Henriques</u> (W.D.N.C. July 7, 1994) ECF No. 83.  Petitioner did not appeal.

On April 18, 1997, Petitioner filed his first Motion to Vacate under 28 U.S.C. § 2255.  The substance of that Motion is largely unknown.  The Government opposed on all claims of the Motion, except Petitioner's claim that his conviction on the 18 U.S.C. § 924(c) counts were improper in light of <u>Bailey v. United States</u>, 516 U.S. 137, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995).  The Government moved to dismiss the convictions, but argued that the Petitioner should be resentenced pursuant to <u>United States v. Hillary</u>, 106 F.3d 1170 (4th Cir. 1997). On October 23, 1997, the district court granted the government's Motion to Dismiss Petitioner's firearms convictions (Counts 2 and 3 of the Indictment) and re-opened the proceedings for an evidentiary hearing to determine whether the § 2D1.1 enhancement should be applied.  The district court found that the enhancement should be applied and an Amended Judgment was entered on June 4, 1998 whereby Petitioner was resentenced to 300 months imprisonment.

In the meantime, on May 4, 1998, the court entered an Order denying the remaining claims set forth in the § 2255 petition. Petitioner filed a Notice of Appeal on June 9, 1998 challenging the district court's denial of his § 2255 petition.  On September 18, 1998, the Court of Appeals for the Fourth Circuit found no reversible error in the district court's opinion and dismissed the appeal. See United States v. Henriques, 161 F.2d 4 (4th Cir. 1998).

Petitioner also appealed the June 4, 1998 Amended Judgment and challenged the district court's application of the § 2D1.1 enhancement at resentencing.  The Fourth Circuit Court of Appeals determined that there was sufficient evidence to find that the enhancement was applicable.  Accordingly, on December 31, 1998, the Court of Appeals affirmed the district court's sentence of 300 months imprisonment. See United States v. Henriques, 468 F.2d 484 (4th Cir. 1998).

Following the U.S. Supreme Court's ruling in Apprendi v. New Jersey, 530, 466 (2000), Petitioner went to the Fourth Circuit Court of Appeals on a Motion for Authority to File a Successive Motion to Vacate, pursuant to 28 U.S.C. § 2244.  The Motion was denied by the appellate court. Order of FCCA, No. 93-cr-0089, United States v. Henriques (W.D.N.C. July 23, 2001) ECF No. 117.  Nevertheless, Petitioner returned to the district court on January 19, 2006 and filed a second Motion to Vacate

under § 2255, raising four separate challenges to his 300-month sentence under <u>Apprendi</u>,[1] <u>Booker</u>,[2] and their progeny.  In a decision on January 24, 2006, the district court for the Western District of North Carolina noted that Petitioner had failed to obtain pre-filing authorization for a second or successive motion under § 2255.  Thus, the petition was dismissed for lack of jurisdiction.  <u>See</u> <u>Henriques v. U.S.</u>, No. 06-27-02, 2006 WL 211817 (W.D.N.C. Jan. 24, 2006).

Petitioner promptly appealed the district court's denial of his second § 2255 motion.  The Court of Appeals for the Fourth Circuit dismissed the appeal and denied a certificate of appealability on August 1, 2006. <u>See</u> <u>United States v. Henriques</u>, 193 F. App'x 228 (4th Cir. 2006).

Thereafter, Petitioner filed a motion in the underlying criminal case arguing that an amendment to the Guidelines precluded the application of a firearms enhancement pursuant to U.S.S.G. § 2D1.1 (b)(1).  The court found that the amendment did not apply to his case and Petitioner's motion was denied. <u>United States v. Henriques</u>, No. 93-cr-89, 2009 WL 1606444 (W.D.N.C. June 5, 2009).  Petitioner's appeal of the district court's denial was denied on December 17, 2009. <u>See</u> <u>Untied States v. Henriques</u>, 356 F. App'x 664 (4th Cir. 2009).

---

[1] <u>Apprendi v. New Jersey</u>, 530 U.S. 466, 490 (2000).
[2] <u>United States v. Booker</u>, 543 U.S. 220 (2005).

Petitioner then filed a Motion for Relief Under the Fast
Track Program and a Motion for Sentence Reduction in the
underlying criminal case, both of which were denied by the
district court.  Petitioner then filed a third § 2255 petition
on August 27, 2012 claiming ineffective assistance of counsel
and again challenging his sentence.  The court noted his
previous § 2255 filings, dismissed the petition as second or
successive, and declined to issue a certificate of
appealability. Order Dismissing Motion to Vacate, No. 93-cr-
0089, United States v. Henriques (W.D.N.C. September 6, 2012)
ECF No. 148.  Nevertheless, Petitioner appealed the district
court's decision and, on December 19, 2012, the appellate court
dismissed the appeal. U.S. v. Henriques, 501 F. App'x 224 (4th
Cir. 2012).

Petitioner has now filed a motion in this district seeking
a writ of habeas corpus pursuant to § 2241.  In his current
Petition, Petitioner states "that he is actually innocent of the
Section 841(b)(1)(A) offense that he was sentenced for [sic]."
(Pet. 21, ECF No. 1.  Although Petitioner frames his challenge
as an "actual innocence claim[,]" id., the crux of Petitioner's
argument is that the charge in the indictment to which he pled
guilty did not specify a drug quantity, which Petitioner asserts
is an essential element of the offense for which he was

sentenced.  Accordingly, Petitioner asserts that his sentence is unconstitutional.

## II.  STANDARDS FOR SUA SPONTE DISMISSAL

United States Code Title 28, Section 2243, provides in relevant part as follows:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972). A pro se habeas petition must be construed liberally. See Hunterson v. DiSabato, 308 F.3d 236, 243 (3d Cir. 2002). Nevertheless, a federal district court can dismiss a habeas corpus petition if it appears from the face of the petition that the petitioner is not entitled to relief. See Denny v. Schult, 708 F.3d 140, 148 n. 3 (3d Cir. 2013); See also 28 U.S.C. §§ 2243, 2255.

## III. ANALYSIS

"It is axiomatic that federal courts are courts of limited jurisdiction, and as such are under a continuing duty to satisfy themselves of their jurisdiction before proceeding to the merits of any case." Packard v. Provident Nat. Bank, 994 F.2d 1039,

1049 (3d Cir. 1993) (citations omitted), cert. denied, 510 U.S. 946 (1993); see also Gunn v. Minton, 133 S.Ct. 1059, 1064 (2013); Bender v. Williamsport Area School District, 475 U.S. 534, 541 (1986).  Here, Petitioner has asserted jurisdiction under 28 U.S.C. § 2241.  For the reasons set forth below, this Court finds that it lacks jurisdiction to consider this Petition.

As noted by the Court of Appeals for the Third Circuit in In re Dorsainvil, 119 F.3d 245, 249 (3d Cir. 1997), a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 has been the "usual avenue" for federal prisoners seeking to challenge the legality of their confinement. See also Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002); United States v. McKeithan, 437 F. App'x 148, 150 (3d Cir. 2011); United States v.  Walker, 980 F. Supp. 144, 145–46 (E.D. Pa. 1997) (challenges to a sentence as imposed should be brought under § 2255, while challenges to the manner in which a sentence is executed should be brought under § 2241).

Section 2255, however, contains a safety valve where "it appears that the remedy by motion is inadequate or ineffective to test the legality of [Petitioner's] detention." See 28 U.S.C. § 2255(e).  In Dorsainvil, the Third Circuit held that the remedy provided by § 2255 is "inadequate or ineffective," permitting resort to § 2241 (a statute without timeliness or

8

successive petition limitations), where a prisoner who previously had filed a § 2255 motion on other grounds "had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate." Dorsainvil, 119 F.3d at 251. The court emphasized, however, that its holding was not intended to suggest that § 2255 would be considered "inadequate or ineffective" merely because a petitioner is unable to meet the stringent limitations or gatekeeping requirements of § 2255. Id. To the contrary, the court was persuaded that § 2255 was "inadequate or ineffective" in the unusual circumstances presented in Dorsainvil because it would have been a complete miscarriage of justice to confine a prisoner for conduct that, based upon an intervening interpretation of the statute of conviction by the United States Supreme Court, may not have been criminal conduct at all. Id. at 251-52.

More recently, the Court of Appeals for the Third Circuit emphasized the narrowness of its Dorsainvil holding when it rejected a district court's conclusion that § 2255 was "inadequate or ineffective" to address a claim based on Apprendi v. New Jersey, 530 U.S. 466, 490 (2000), an intervening decision which held that, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and

proved beyond a reasonable doubt." <u>See</u> <u>Okereke</u>, 307 F.3d at 120-
21 (in which the petitioner had been sentenced based upon a drug
quantity determined at sentencing by a judge using the
preponderance of evidence standard).  Similarly, § 2255 is not
"inadequate or ineffective" to address a claim based upon
<u>Booker</u>,[3] which is an extension of <u>Apprendi</u>. <u>See</u> <u>Smith v. Nash</u>,
145 F. App'x 727 (3d Cir. 2005), cert. denied, 126 S.Ct. (U.S.
Oct. 31, 2005).  In addition, the mere fact that a claim is time
barred does not render § 2255 an inadequate or ineffective
remedy. <u>See</u> <u>Cradle v. United States</u>, 290 F.3d 536, 539 (3d Cir.
2002).[4]

     Thus, under <u>Dorsainvil</u> and its progeny, this Court could
exercise § 2241 jurisdiction over this Petition if, and only if,
Petitioner demonstrates: (1) his "actual innocence," (2) as a
result of a retroactive change in substantive law that negates
the criminality of his conduct, (3) for which he had no other
opportunity to seek judicial review. <u>See</u> <u>Dorsainvil</u>, 119 F.3d at

---

[3] <u>United States v. Booker</u>, 543 U.S. 220 (2005).

[4] Motions under § 2255 must be made within one year of "(1) the
date on which the judgment of conviction becomes final; ... [or]
(3) the date on which the right asserted was initially
recognized by the Supreme Court, if that right has been newly
recognized by the Supreme Court and made retroactively
applicable to cases on collateral review, or (4) the date on
which the facts supporting the claim or claims presented could
have been discovered through the exercise of due diligence."

251–52; Cradle, 290 F.3d at 539; Okereke, 307 F.3d at 120;
Trenkler v. Pugh, 83 F. App'x 468, 470 (3d Cir. 2003).

Here, Petitioner has failed to bring his claim within the
Dorsainvil rule.

First, with respect to his "actual innocence" argument,
Petitioner asserts that he is "'actually innocent' of the
sentence imposed[.]" (Pet. 22, ECF No. 1). Petitioner's
argument is misplaced. Petitioner's claim of "actual innocence"
is not based on any new evidence suggesting any "innocence in
fact." Rather, Petitioner merely asserts that he was sentenced
improperly. However, as stated by the Third Circuit, this is
not a sufficient basis for granting relief under § 2241. See
Piggee v. Bledsoe 412 F. App'x 443, 445 (3d Cir. 2011)
("[Petitioner] makes no allegation that he is actually innocent
of the crime for which he was convicted; he only asserts that
his sentence was improperly calculated. The Dorsainvil
exception is therefore inapplicable, and relief under Section
2241 is not available.") (citations omitted); see also Maher v.
Shartle, No. 11-1271, 2011 WL 4352348 (D.N.J. Sept. 16, 2011).
For these reasons, Petitioner is not entitled to relief under §
2241 on his "actual innocence" claim.[5]

---

[5] To the extent Petitioner meant to assert that he was "actually
innocent" of the underlying offense (21 U.S.C. § 841(a)(1)), the
Court notes that an "actual innocence" claim does not apply to
those whose guilt is conceded or plain. Schlup v. Delo, 513 U.S.

Next, as noted above, Petitioner asserts that the he was sentenced improperly in light of the fact that the charge in the indictment to which he pled guilty did not include a specific quantity of drugs.  Petitioner cites Apprendi and its progeny as support for this assertion.  However, this is precisely the type of constitutional challenge to a sentence which the Third Circuit has determined is unavailable to a petitioner in the savings clause of § 2255. See Hazard v. Samuels, 206 F. App'x 234 (3d Cir. 2006).

As an initial matter, the decisions in Apprendi and Booker did not decriminalize the conduct for which Petitioner was convicted. See Okereke, 307 F.3d at 120-21 (finding § 2255 not "inadequate or ineffective," where petitioner sought to raise sentencing claim based on the intervening decision in Apprendi); see also Padilla v. United States, 416 F.3d 424 (5th Cir. 2005) (finding that a § 2241 petition based on the intervening decision in United States v. Booker does not fall within the "savings clause" of § 2255).  Additionally, the Third Circuit has held that neither of the holdings in Apprendi or Booker is applicable retroactively to cases on collateral review. See United States v. Swinton, 333 F.3d 481, 491 (3d Cir. 2003);

_____

298, 321 (1995).  Because Petitioner actually pled guilty to the offense charged, the actual innocence exception is not available to him to proceed under § 2241. See Mashni v. U.S., No. 05-3624, 2006 WL 208564 (D.N.J. Jan. 25, 2006).

Lloyd v. United States, 407 F.3d 608, 613-615 (3d Cir. 2005).
Accordingly, this Court lacks jurisdiction to consider
Petitioner's § 2241 petition to the extent his arguments are
based on Apprendi and its progeny.

Finally, as described above, the underlying criminal case
has a lengthy procedural history and Petitioner has filed at
least three § 2255 petitions in the Western District of North
Carolina.  He certainly had the opportunity to challenge the
constitutionality of his sentence in earlier proceedings.

For the reasons set forth above, this Court lacks
jurisdiction to consider the Petition under § 2241.  Instead,
the Petition is more appropriately characterized as a second or
successive motion under § 2255, which Petitioner has not
received authorization to file, and over which this Court also
lacks jurisdiction.

If a "second or successive" habeas petition is filed in the
district court without authorization from the appropriate court
of appeals, the district court may dismiss for lack of
jurisdiction or transfer the petition to the court of appeals
pursuant to 28 U.S.C. § 1631. See Padilla v. Miner, 150 F. App'x
116 (3d Cir. 2005); Littles v. United States, 142 F. App'x 103,
104 n. 1 (3d Cir. 2005) (citing Robinson v. Johnson, 313 F.3d
128, 139 (3d Cir. 2002), cert. denied, 540 U.S. 826 (2003)).
However, because § 2244(b) is effectively "'an allocation of

subject-matter jurisdiction to the court of appeals,'" Robinson
v. Johnson, 313 F.3d at 140 (quoting Nunez v. United States, 96
F.3d 990, 991 (7th Cir. 1996)), a district court may dismiss
such a petition only without prejudice. See Ray v. Eyster, 132
F.3d 152, 155-56 (3d Cir. 1997).

As Petitioner has already filed a § 2255 motion in the
trial court, and cannot file a second or successive motion
without leave of the appropriate Court of Appeals, this Court
must determine whether transfer of this Petition to the Court of
Appeals for the Fourth Circuit, for consideration as an
application for leave to file a "second or successive" petition,
would be in the interest of justice. Under 28 U.S.C. §§ 2244
and 2255, the Court of Appeals may authorize the filing of a
second or successive § 2255 motion only if it contains "(1)
newly discovered evidence that, if proven and viewed in light of
the evidence as a whole, would be sufficient to establish by
clear and convincing evidence that no reasonable factfinder
would have found the movant guilty of the offense, or (2) a new
rule of constitutional law, made retroactive to cases on
collateral review by the Supreme Court, that was previously
unavailable." 28 U.S.C. § 2255.

In this case, Petitioner does not allege as a grounds for
relief any of those for which a Court of Appeals may authorize
the filing of a second or successive § 2255 petition. In fact,

14

the grounds for relief in this Petition are nearly identical to those already presented to the Fourth Circuit Court of Appeals in Petitioner's initial request for permission to file a second or successive § 2255 motion and in his appeals of the district court's dismissal of his § 2255 motions.   Therefore, it would not be in the interest of justice to transfer this Petition to the Court of Appeals for the Fourth Circuit.

IV.   <u>CONCLUSION</u>

For the reasons set forth above, this Court finds that it lacks jurisdiction over the Petition and will dismiss it without prejudice.   An appropriate Order follows.


___s/ Noel L. Hillman_____
NOEL L. HILLMAN
United States District Judge

Dated: June 12, 2015
At Camden, New Jersey